U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 29 2014
CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICKY LAWSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-814-A |
| | § | |
| NOKIA SIEMENS NETWORKS US LLC SEVERANCE PAY PLAN, | § § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion of defendant, Nokia Siemens Networks US LLC Severance Pay Plan, to dismiss the first amended complaint of plaintiff, Nicky Lawson, for failure to state a claim upon which relief may be granted. After having considered such motion, plaintiff's response thereto, defendant's reply, the first amended complaint, and pertinent legal authorities, the court has concluded that such motion should be granted.

I.

Background, and Allegations of First Amended Complaint

This action was filed September 4, 2014, in County Court at Law No. 1 of Tarrant County, Texas. On October 6, 2014, defendant filed its notice of removal, removing this action to the Dallas division of this court. Because the action should have been removed to the Fort Worth division, it was transferred

to this division on October 7, 2014. On October 14, 2014, the court issued an order requiring plaintiff to file an amended complaint that would comply, <u>inter alia</u>, with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and reminding plaintiff of the interpretations given by the Supreme Court to the Rule 8(a) requirements in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). On October 24, 2014, plaintiff filed his first amended complaint. Defendant's motion to dismiss, with supporting brief and appendix, were filed on November 24, 2014. Plaintiff filed his response in opposition, with a supporting brief, on December 15, 2014, to which defendant replied, with a supporting appendix, on December 19, 2014.

In summary form, plaintiff alleged in his first amended complaint that:

Plaintiff, a longtime employee of Nokia Siemens Networks US LLC ("NSN") and a predecessor company, was terminated from his employment on November 8, 2012. Defendant is a Severance Pay Plan ("Plan") for NSN employees that provided that an employee who qualifies under the Plan as an "Eligible Employee" was entitled to severance benefits. Plaintiff was an Eligible Employee as defined in the Plan at the time of his termination,

2

and met the Plan's requirements for entitlement to the severance benefits set forth in the Plan.

After the termination of his employment for NSN, plaintiff exhausted the administrative remedies available to him under the Plan. Plaintiff's request for severance benefits was mailed to the plan administrator on January 7, 2013. The plan administrator denied plaintiff's claim by letter dated February 18, 2013, which informed plaintiff that he could appeal the denial of benefits within sixty days of the date of the denial. Plaintiff was subsequently granted an extension of time to May 9, 2013, to appeal the denial of benefits.

He appealed the denial by a letter that he sent to the plan administrator on May 9, 2013. The Plan provided that "an appeal is deemed denied if no decision has been given to the employee within sixty days of the appeal, but that the Plan Administrator may extend that period for an additional sixty days." Compl. at 4, ¶ 13. Sixty days from May 9, 2013 expired July 8, 2013. By letter dated June 19, 2013, the plan administrator extended the July 8, 2013 deadline by granting plaintiff the option of submitting additional information to her for consideration by July 15, 2013, a date beyond the initial sixty-day period. Because of this extension and because the plan administrator did not subsequently issue a decision regarding plaintiff's appeal,

plaintiff's appeal was deemed denied on September 6, 2013, the 120th day after plaintiff filed his appeal on May 9, 2013. Id. at 4-5, ¶ 13.

Plaintiff sought recovery under 29 U.S.C. § 1132(a)(1)(B) of his damages based on defendant's failure to pay severance benefits to him, plus attorney's fees, costs, and pre- and post-judgment interest.

## II.

### The Ground of Defendant's Motion, Plaintiff's Response Thereto, and Defendant's Reply

A. <u>The Ground of the Motion</u>

Defendant's motion urged only one ground--that plaintiff's action to recover benefits was barred by plaintiff's failure to file his action within the applicable time period.[1] Defendant's brief explained that the Plan provided that "no claim legal or equitable action regarding a claim for Severance Benefits under the Plan, including an action under section 502(a) of ERISA, may

---

[1] Defendant added in its brief in support of its motion, as a ground of the motion that plaintiff failed to assert a viable claim for violation of 29 U.S.C. § 1132(a)(1)(B) against defendant. The court is not giving effect to that ground. Not only was it not stated in the motion itself, the court would be required to consider material inappropriate for consideration on the motion to dismiss if the court were to entertain that ground.

4

be filed in any court of law more than one year following the denial or deemed denial of [the employee's] appeal."[2] Br. in Supp. of Mot. at 3. Defendant maintained that plaintiff's appeal would have been deemed denied on July 8, 2013, had the plan administrator not given plaintiff an extension to July 15, 2013, to submit additional information, and that because of that extension the deemed denial occurred on July 15, 2013, more than one year before the September 4, 2014 date when plaintiff filed this action in the County Court at Law No. 1 of Tarrant County, Texas.

B.   The Response in Opposition

In his response in opposition, plaintiff persisted in his pleaded claim that the deemed denial of his administrative appeal occurred on September 6, 2013, 120 days after he filed his appeal on May 9, 2013. While plaintiff objected to the consideration by the court in support of the motion to dismiss of the plan administrator's letter of June 19, 2013, informing plaintiff that he had until July 15, 2013, for the filing of additional information, he argued in his response that the letter itself established that the deadline for the plan administrator to make a decision before there was a deemed denial of his appeal was

---

[2] Section 1132(a) of Title 29 of the United States Code is a codification of section 502(a) of the Employee Retirement Income Security Act ("ERISA").

5

extended from sixty days to 120 days after the date of the appeal.

Plaintiff acknowledged in his response that the deemed denial would have occurred on July 8, 2013, sixty days after the date of plaintiff's appeal, had it not been for the June 19, 2013 letter, but he argued that the plan administrator's letter extended the sixty-day period to a 120-day period by virtue of a provision in the Plan saying that "[i]f because of special circumstances the Plan Administrator cannot make a decision within the 60-day period, the Plan Administrator may extend the period in which to make the decision up to 120 days after receipt of the appeal." Br. in Supp. of Resp. at 5. Plaintiff called the court's attention in his response to the provision in the claim document saying that no claim "may be filed in any court of law more than one year following the denial or deemed denial of your appeal." Id. at 5-6.

Plaintiff also argued that defendant has improperly requested the court to consider the contents of the plan administrator's June 19, 2013 letter and the other items included in the appendix submitted by defendant in support of its motion to dismiss, asserting that none of those items is proper for consideration by the court in evaluating the merit of a motion to dismiss for failure to state a claim.

C. <u>Defendant's Reply</u>

Defendant repeated in its reply its position that at best from plaintiff's standpoint the plan administrator's June 19, 2013 letter extended the deemed-denial date from July 8, 2013, to July 15, 2013, and that nothing the plan administrator said in the letter suggested that she was extending the period in which to make a decision beyond July 15, 2013.

As to plaintiff's argument that the court should not consider in ruling on defendant's motion items contained in its supporting appendix, defendant called the court's attention to court decisions authorizing the court to consider in ruling on such a motion to dismiss documents that are referred to in the complaint and are central to plaintiff's claim. Reply at 2. And, defendant then pointed out how each of the documents upon which it relied in support of the motion to dismiss is referenced either generally or specifically in plaintiff's complaint as an item central to his claim.

III.

<u>Analysis</u>

A. <u>Legal Principles Applicable to Consideration of Defendant's Motion</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

7

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 669 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task

8

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

A motion to dismiss for failure to state a claim is properly granted based on a limitations bar if plaintiff's pleadings and documents that are appropriate to be considered in ruling on the motion to dismiss establish a limitations bar as a matter of law. Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003). Case law establishes that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the] claim." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)(internal quotation marks and brackets omitted).

B. Plaintiff's Pleading and the Documents Properly Considered a Part of It Establish That Plaintiff's Claim is Barred by Limitations

Plaintiff's response limits the issues that the court must consider in evaluating the merits of defendant's claim that a limitations defense has been established for purposes of the motion to dismiss. Plaintiff does not contend that the Plan's time limit for filing an action is not valid and enforceable, nor does plaintiff contend that a limitations bar cannot be a valid ground for a motion to dismiss for failure to state a claim upon which relief may be granted.

9

Rather, plaintiff limits his responsive contentions to (1) the court cannot go outside the allegations of his pleading to determine whether there is a limitations bar, (2) the items contained in defendant's appendix to its motion are not items the court can consider in ruling on the motion to dismiss, (3) even if the court were to consider those items, they establish that the deemed denial did not occur until 120 days after plaintiff filed his administrative appeal, with the result that the filing of this action on September 4, 2014, was timely. The court's analysis now focuses on those three contentions.

1. The Items in Plaintiff's Appendix are Properly Considered a Part of Plaintiff's Pleading

The items contained in defendant's appendix that plaintiff says the court should not consider in ruling on the motion to dismiss include (1) the Plan Document and Summary Plan Description that constitutes the text of the Plan, App. in Supp. of Mot. at 8-15, (2) the letter from plaintiff, through his attorneys, dated May 9, 2013, appealing from the administrative denial of plaintiff's claim for severance benefits, id. at 27-37, and (3) the plan administrator's letter providing additional material to plaintiff, through his counsel, and informing plaintiff, through counsel, that if plaintiff wished to submit additional information in support of his appeal from the denial

10

of his severance benefits, he must do so no later than July 15, 2013, id. at 39-40.

A review of the allegations of plaintiff's first amended complaint discloses that each of those items was mentioned in the complaint, and that each is central to plaintiff's claim for severance benefits, with the result that they are to be considered a part of plaintiff's pleading in the evaluation of the merits of defendant's motion to dismiss.

The Plan Document and Summary Plan Description is at the very heart of plaintiff's pleading. His claim is based in its entirety on that document and plan description. Compl. at 2-6, ¶¶ 7-17. The May 9, 2013 letter from plaintiff to the plan administrator appealing from the denial of his claim for severance benefits was an integral part of plaintiff's pleaded claims. Id. at 4, ¶ 12. The plan administrator's June 19, 2013 letter likewise was an integral part of plaintiff's pleaded claims. Id. at 4-5, ¶ 13. Thus, each of those items is deemed to be a part of plaintiff's pleading to be considered in the evaluation of and ruling on the motion to dismiss.

11

2. <u>Pertinent Language in the Plan Document and Summary Plan Description</u>

The "deemed-denial-of-appeal" argument upon which plaintiff relies in his complaint was predicated on the language of the Plan set forth below:

> The Plan Administrator will provide you with written notice of his/her decision on your appeal within 60 days after receipt of such appeal. If because of special circumstances, the Plan Administrator cannot make a decision within this 60-day period, the Plan Administrator may extend the period in which to make the decision up to 120 days after receipt of the appeal. The Plan Administrator will provide you with written notice of the extension, before the end of the 60-day period, which indicates the special circumstances requiring the extension and the expected decision date.
>
> The Plan Administrator will provide you with written notice of its decision on your appeal. <u>If written notice of the Plan Administrator's decision regarding your appeal is not given to you within this 60-day period (extended review period), your appeal will be deemed denied.</u> Except as may be otherwise required by law, the decision of the Plan Administrator on your appeal will be binding on all parties.

App. in Supp. of Mot. at 12 (emphasis added).

The requirement that any legal or equitable action regarding a claim for severance benefits under the Plan be filed within one year following the deemed denial is included in the Plan language set forth below:

> Completion of the claims procedures described above is a condition precedent to commencing any legal or equitable action regarding a claim for Severance Benefits under the Plan. However, the Plan

12

> Administrator may waive this completion requirement. <u>No claim legal or equitable action regarding a claim for Severance Benefits under the Plan, including an action under section 502(a) of ERISA, may be filed in any court of law more than one year following the denial or deemed denial of your appeal.</u> All determinations by the Plan Administrator shall be final and binding on all parties.

<u>Id.</u> at 13 (emphasis added).

    3.   <u>The Plan Administrator's June 19, 2013 Letter Did Not Extend the Period to Make a Decision for Another Sixty Days</u>

The potentially pertinent language in the plan administrator's June 19, 2013 letter is as follows:

> Please note that although I had granted permission for [plaintiff] to submit any documentation to my office by May 9th, 2013, I did not receive your letter dated May 9, 2013 until May 10th, 2013. Despite [plaintiff's] failure to comply with the extension date, I will provide [plaintiff] one last opportunity to provide relevant information regarding the initial denial of his severance benefits.
>
>     \* \* \* \* \*
>
> Finally, if [plaintiff] wishes to submit any additional information to me in support of the appeal of his denial of severance benefits, please make sure that the items are delivered to me no later than **July 15, 2013. No further extensions will be granted regarding this matter.**

App. in Supp. of Mot. at 39-40.

There is no reasonable reading of the June 19, 2013 letter that would allow it to be interpreted as an extension of time beyond July 15, 2013, for the making of a decision on plaintiff's

13

appeal. The letter makes clear that the extension of time given to plaintiff was for the filing of additional information, not for the making by the plan administrator of a decision, and that no further extensions would be granted "regarding this matter." The fact that the extended deadline for providing additional information was a few days beyond the sixty-day deemed denial date does not mean that the deemed denial date was extended another sixty days. It means, at most from plaintiff's standpoint, that the deemed denial date was extended to July 15, 2013. Consequently, the pleading of the plaintiff, when considered together with the documents that are considered to be a part of the pleading, affirmatively establishes that plaintiff's action was barred by the one-year limitations period established by the Plan--this action was not filed within one year after the deemed denial of plaintiff's appeal.

IV.

Order

For the reasons stated above,

The court ORDERS that plaintiff's motion to dismiss be, and is hereby, granted; and,

The court further ORDERS that all claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed.

SIGNED December 29, 2014.

_____
JOHN McBRYDE
United States District Judge

14